UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VARVARRA GARRISI,

    Plaintiff,

vs.                                                        Case No. 10-12298

NORTHWEST AIRLINES, INC.,                 HON. AVERN COHN

    Defendant.
_____/

**<u>MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>**
**<u>(Doc. No. 4)</u>**
**<u>AND</u>**
**<u>DISMISSING CASE</u>**

## I. Introduction

This is a tort case. Plaintiff, Varvarra Garrisi is suing defendant, Northwest Airlines, Inc. (Northwest)[1] claiming injuries when a flight attendant spilled hot coffee on her during a flight from Detroit to Amsterdam. Before the Court is Northwest's motion to dismiss on the grounds that Garrisi's claim is time barred. For the reasons that follow, the motion will be granted.

## II. Background

On March 24, 2007, Garrisi was a passenger on a Northwest flight scheduled to fly from Detroit to Amsterdam. At the start of the flight, but before the aircraft left the airport, a flight attendant knocked a cup of hot coffee onto Garrisi's lap. She sustained

---

[1] As of December 31, 2009, Northwest merged with Delta Air Lines, Inc. and no longer exists. However, because Northwest operated the flight at issue, the Court refers to defendant as Northwest.

injuries that required medical attention.

On March 24, 2010, Garrisi filed a complaint in Wayne County Circuit Court, asserting a single state law claim of negligence.

On June 10, 2010, Northwest timely removed the case to federal court on the grounds of diversity jurisdiction and on the grounds of federal question jurisdiction based on complete preemption under the Montreal Convention.

Northwest then filed the instant motion to dismiss on the grounds that her negligence claim is barred by the statute of limitations under the Montreal Convention.

### III. Legal Standard

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as factual allegation." Ashcroft v. Iqbal, \_\_\_\_\_ U.S. \_\_\_\_\_, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation removed). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. As the Supreme Court explained:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim for relief that is plausible on its face. Id. at 1949 (internal quotation marks and citation omitted). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id. at 1940.

### IV. Analysis

#### A. Jurisdiction

There is a question as to whether the Court has jurisdiction. It is well-established that because subject matter jurisdiction is a threshold question, the Court has an obligation to raise on its own. See Metro Hydroelectric Co. v. Metro Parks, 541 F.3d 605, 610 (6th Cir. 2008) ("[c]onsidering whether jurisdiction to hear a case exists is the 'first and fundamental question presented by every case brought to the federal courts.'" (citations omitted)); Douglas v. E.G. Baldwin & Assocs. Inc., 150 F.3d 604, 607 (6th Cir. 1998) ("Quite aside from whether the parties raise jurisdictional issues themselves-or even attempt to consent or agree to federal jurisdiction-federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction."). In its removal petition, Northwest asserted that removal was proper based on both diversity and federal question jurisdiction. Each basis is examined in turn.

#### 1. Diversity

As to diversity jurisdiction, it is clear the parties are diverse. Garrisi is a citizen of Michigan and Northwest's principal place of business is Georgia and it is incorporated in Delaware. Whether the amount in controversy requirement is satisfied is another

3

matter.  Garrisi's complaint sought damages in excess of $25,000.00, the minimum amount for state circuit court.[2]  Northwest asserted that Garrisi's alleged injuries and damages would, if believed by the jury, would exceed the $75,000 requirement.  In response to Northwest's motion to dismiss, Garrisi says she is willing to stipulate to damages less than $75,000.00.

Although Garrisi's willingness to stipulate to damages less than $75,000.00 is relevant, it is not controlling as to whether the amount in controversy requirement is satisfied.  Because diversity jurisdiction is determined as of the time of removal, events occurring after removal that reduce or increase the amount in controversy will not affect the Court's determination of whether diversity jurisdiction exists, and, as a result, whether the Court has subject matter jurisdiction to adjudicate this civil action.  See Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000) (refusing to consider plaintiff's post-removal stipulation as to damages) (citing Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 453 (6th Cir. 1996)).

Thus, the Court must look to Northwest's Notice of Removal. "The notice of removal 'is to be strictly construed, with all doubts resolved against removal.'"  Durant v. Servicemaster Co., 147 F. Supp. 2d 744, 747-48 (E.D. Mich.2001)(citing Covne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir.1999)).

---

[2]Michigan Court Rule 2.111(B)(2) mandates that, when a claim is not for a sum certain or a sum that can, by computation, be made certain, a pleading may not state a specific amount, rather, the pleading must include allegations that show that the claim is within the jurisdictional amount requirements of the state court, which in this case is more than $25,000 because the case was brought in state circuit court. See Mich. Comp. Laws § 600.8301(1) ("The [state] district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00.").

4

> In cases removed to a federal court 'where the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant who removes the case has the burden of proving by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount.

Durant, 147 F. Supp. 2d at 748 (citing and quoting Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993)). "The mere assertions of the parties will not defeat a remand for failure to satisfy the jurisdictional amount." Durant, 147 F. Supp. 2d at 748.

Here, Northwest stated:

> The Complaint alleges Plaintiff sustained painful, permanent, disabling injury including shock, emotional damages, aggravation of pre-existing conditions and/or reactivation of dormant conditions along with an inability to attend to the usual affairs and render services and an inability to enjoy the normal pursuits of life due to the alleged negligence of Defendant in spilling or causing hot scalding coffee to fall onto Plaintiff, a passenger on an NWA flight. (See Plaintiff's Complaint, ¶6, ¶7 and ¶8). If these allegations of damages, along with the liability allegations, are believed by a jury the amount in controversy may be in excess of $75,000.00, exclusive of interest and costs for the injuries allegedly sustained by Plaintiff.

Notice of Removal at ¶ 3a.

Northwest has not meet its burden. Northwest provides nothing more than its belief Garrisi's claim exceeds $75,000.00. The language in the complaint as to the type of damages, i.e. fright, shock, is nothing more than general assertions made in any ordinary negligence claim. Thus, if the Court has jurisdiction it must be based on federal question.

## 2. Federal Question

As to federal question jurisdiction, Northwest says that although Garrisi plead only a state law claim, federal jurisdiction exists because this case involves an international treaty, the Montreal Convention, which covers claims relating to

5

international carriage by air. The Montreal Convention was signed in that city on May 28, 1999, and entered into force on November 4, 2003. See Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, reprinted in S. Treaty Doc. No. 106-45. The United States is a party to the Montreal Convention. The Montreal Convention supersedes the much older Warsaw Convention. See Montreal Convention at art. 55. Like its predecessor, the Montreal Convention's purpose is to promote uniformity in the laws governing airliner liability for the "international carriage of persons, baggage or cargo performed by aircraft." Id. at art. 1. However, the Montreal Convention is unique in that it "represents a significant shift away from a treaty that primarily favored airlines to one that continues to protect airlines from crippling liability, but shows increased concern for the rights of passengers and shippers." Weiss v. El Al Israel Airlines, Ltd., 433 F. Supp. 2d 361, 364-65 (S.D.N.Y. 2006).

The treaty defines international carriage as:

> any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.

Montreal Convention at art. 1.

Here, attached to the complaint is a copy of Garrisi's itinerary for the flight where the alleged incident occurred. The itinerary shows that her flight was to go from Detroit, Michigan, USA to Amsterdam, Netherlands, and then from Amsterdam to Rome, Italy, and from Rome to Brindisi, Italy. The United States, Netherlands, and Italy are all

signatories of the Montreal Convention. Consequently, Garrisi's claims do fall within the Montreal Convention.

Garrisi, however, argues that the aircraft had not yet left the gate at Detroit Metro Airport, so the claim would not fall within the scope of the Montreal Convention. This argument is misplaced. The Montreal Convention specifically states that "the carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention, art. 17, S. TREATY DOC. NO. 106-45 (2000), 2242 U.N.T.S 350, 355. Thus, her claims fall within the Montreal Convention because the injury occurred on board an aircraft bound for an international destination.[3]

However, the salient question is whether Garrisi's claims are completely preempted by the Montreal Convention. The concept of complete preemption applies "when a federal statute wholly displaces the state-law cause of action." Beneficial National Bank v. Anderson, 539 U.S. 1, 8 (2003). Here, Northwest says that since the Montreal Convention applies, it completely preempts her state law negligence claim brought under M.C.L. § 259.177.[4]

The Montreal Convention imposes three categories of strict liability on air

---

[3] Additionally, the flight satisfies the condition that the place of origin and the place of destination be States that are signatories of the Montreal Convention.

[4] "All crimes, torts and other wrongs committed by or against an airman or passenger while in flight over this state shall be governed by the laws of this state . . . ." M.C.L. § 259.177.

7

carriers. Article 17 provides for carrier liability in the event of accidental death or bodily injury of a passenger while on board, embarking, or disembarking the plane. Montreal Convention at art. 17. Article 17 also includes liability for damage to or loss of baggage. Id. Article 18 of the Montreal Convention addresses liability for damage to cargo, and Article 19 imposes liability for damages resulting from delay of passengers, baggage, or cargo. Id. at arts. 18-19.

Article 29 of the treaty contains a statement limiting actions for damages. Entitled "Basis of Claims," it states:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

Id. at art. 29.

Courts are split on the issue of whether the Montreal Convention completely preempts state law causes of action such as to invoke federal question jurisdiction. See, e.g., Nipponkoa Insurance Co., Ltd. v. GlobeGround Services, Inc., 2006 WL 2861126 at *3 (N.D. Ill. 2006) ("The cases holding that the Warsaw Convention does not completely preempt the field are persuasive. Federal question jurisdiction may not be invoked based on the Warsaw Convention defense regardless of whether it applies to limit any of plaintiff's claims"); Mraz v. Lufthansa German Airlines, 2006 WL 267361 at *2 (E.D.N.Y. 2006) (discussing lack of clarity on complete preemption and ordering briefing); Singh v. North American Airlines, 426 F. Supp. 2d 38, 48 (E.D.N.Y. 2006)

8

(denying remand because "the Warsaw convention completely preempts those claims that fall within its scope"); Knowlton v. American Airlines, Inc., 2007 WL 273794 (D. Md. 2007) ("There is clearly a split of authority over whether the Montreal Convention and its predecessor completely preempt state law claims such as this one. However, this Court is persuaded by the reasoning of those cases finding in favor of preemption"); Serrano v. American Airlines, 2008 WL 2117239, (C.D. Cal. May 15, 2008) (holding state law contract and tort claims not completely preempted).

In In re Air Crash at Lexington, KY, 501 F. Supp. 2d 902 (E.D. Ky. 2007), the district court considered the conflicting case law and concluded that if a state law claim falls under the Montreal Convention, it is completely preempted. The court explained:

> Although there is some disagreement among the courts, especially before Tseng,[5] the foregoing discussion shows that the circuit courts considering the issue after Tseng all agree the Warsaw and Montreal Conventions provide the exclusive remedy for claims within the scope of the treaties. As the court said in Tseng, the construction "most faithful to the Convention's text, purpose and overall structure" was that which would "preclude a passenger from asserting any air transit personal injury claims under local law." Tseng, 525 U.S. at 168-69, 119 S.Ct. 662. This construction is much broader than mere conflict preemption.
> The Sixth Circuit has not specifically addressed this issue, but it has

---

[5] El Al Israel Airlines, L.T.D. v. Tseng, 525 U.S. 155 (1999). In Tseng, a passenger sued an airline in state court and the airline removed the action to federal district court. The district court dismissed the action for failure to establish an injury cognizable under Article 17 of the Warsaw Convention. The Court of Appeals for the Second Circuit Court of Appeals reversed in relevant part. Tseng v. El Al Israel Airlines, Ltd., 122 F.3d 99 (2nd Cir.1997). On appeal, the Supreme Court did not consider the merits of a motion to remand. Rather, the Supreme Court considered whether, given a circumstance in which a plaintiff's action for personal injury does not satisfy the conditions for liability under the Warsaw Convention, that plaintiff would be precluded from maintaining an action for personal injury damages under state law. Tseng, 525 U.S. at 160. The Supreme Court held "that the Warsaw Convention precludes a passenger from maintaining an action for personal injury damages under local law when her claim does not satisfy the conditions for liability under the Convention." Id. at 176.

> recognized the federal cause of action created by the Warsaw Convention and the "federal policy of uniformity and certainty" embodied by the treaty. Bickel, 83 F.3d at 130. In light of the foregoing analysis, it is the opinion of this Court that the Warsaw and Montreal Conventions have preempted all state law causes of action for matters within their scope. Tseng, 525 U.S. at 168-69, 119 S.Ct. 662; Lockerbie, 928 F.2d at 1273; Husmann, 169 F.3d at 1152; Carey, 255 F.3d at 1051; Magan, 339 F.3d at 161; Marotte, 296 F.3d at 1259; Mbaba, 457 F.3d at 500
>
> This action is unquestionably a claim for death of a passenger as a result of an accident on board an aircraft within the scope of Article 17 of the Montreal Convention. Neither party argues to the contrary. Accordingly, it is the opinion of this Court that, assuming the Montreal Convention is applicable under the facts of this case, a cause of action pursuant to the Convention is the exclusive remedy available for Plaintiffs' claims against Comair. Plaintiffs have no claim under state law causes of action. Tseng, 525 U.S. at 170, 119 S.Ct. 662.

501 F. Supp. 2d at 913.

The Court agrees with the analysis in In re Crash at Lexington. As explained above, Garrisi's negligence claim for personal injuries falls within the Montreal Convention. Thus, her claim is completely preempted and federal question jurisdiction exists.

### 2. Statute of Limitations

Having found jurisdiction, the issue becomes whether Garrisi can make out a claim under the Montreal Convention. Northwest says that her claim is barred by the statute of limitations. Article 35 of the Montreal Convention states that "[t]he right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped." 2242 U.N.T.S at 361.

Here, Garrisi's itinerary, which is attached to the complaint, conclusively shows that the aircraft left Detroit on March 24, 2007 and returned to Detroit on April 23, 2007. Garrisi did not file her complaint until 2010, well-beyond the two year statute of limitations. Garrisi does not address whether her claim was filed beyond the statute of limitations under the Montreal Convention; she instead argues that the Montreal Convention does not apply to her claim. As explained above, the Montreal Convention does govern her claim. Thus, Northwest is correct that Garrisi's claim is time barred.

## IV. Conclusion

For the reasons stated above, Northwest's motion to dismiss is GRANTED. This case is DISMISSED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: September 16, 2010


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 16, 2010, by electronic and/or ordinary mail.

    s/Shawntel Jackson
Relief Case Manager, (313) 234-5160